## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES GALLOWAY, :
           :
     Plaintiff, :
           :
v. : CIVIL ACTION NO.
           : 1:08-CV-3349-RWS
BRANCH BANK & TRUST, f/k/a :
MAIN STREET BANK, f/k/a :
WESTSIDE BANK & TRUST :
COMPANY and BANK OF :
NORTH GEORGIA, :
           :
     Defendant. :

## **ORDER**

This case comes before the Court on the Defendant's Motion for

Summary Judgment [14]. After a review of the record, the Court enters the

following Order.

Plaintiff James Galloway initiated this action in Superior Court of

Gwinnett County on October 3, 2008 against Defendant Branch Bank & Trust

Company f/k/a Main Street Bank f/k/a Westside Bank & Trust Company

(hereinafter "BB&T" and/ or "Bank"). Plaintiff asserted causes of action for

breach of contract (Count I), conversion (Count II), fraud (Count III), and

exemplary and punitive damages (Count IV) arising out of his prior banking

relationship with Defendant. (See Complaint [1].)  Defendant then properly

removed the case to the Northern District of Georgia. (Notice of Removal [1].)

On March 31, 2009, Defendant moved for summary judgment as to Plaintiff's

four claims, asserting that there are no issues of material fact precluding

judgment as a matter of law. (Dkt. No. [14].)  The Court now takes up this

motion, which has not been opposed by Plaintiff.

## Discussion

### I.    Facts[1]

Branch Banking & Trust Company is the successor in interest to Main

Street Bank and successor in interest to Westside Bank and Trust Company.  In

1996, Richard and Tina Plamondon purchased real estate from Plaintiff and

gave him a Deed to Secure Debt evidencing the continued security interest in

the purchased property ("the Plamondon property").  Subsequently in 1996,

Plaintiff purchased a separate piece of property which he sold to Sharon

Burnette, also acquiring a Deed to Secure Debt evidencing the continued

---

[1]These facts are drawn from Defendant's Statement of Material Fact contained as part of the Motion for Summary Judgment. (Dkt. No. [14].)  Due to Plaintiff's lack of response, the facts are deemed admitted. L.R. 56.1(B)(2)(a)(2).

security interest in the purchased property ("the Burnette property"). The security interest and associated notes in the Burnett property and the Plamondon property were assigned to BB&T in 1998 and 1999, respectively. In October, 1999, Plaintiff borrowed over $175,000 from BB&T, pledging the security interest in the Burnette property and the Plamondon property to Defendant. Furthermore, in 2000, Plaintiff secured his indebtedness to Defendant with the Burnette security interest and associated note.

In 2000, Richard and Tina Plamondon paid off the debt reflected by Plaintiff's security interest assigned to BB&T, which was applied to a loan made to Plaintiff. The overpayment to BB&T resulted in an interpleader action filed by BB&T's predecessor in Cobb County Superior Court. On October 30, 2003, the Cobb County Superior Court denied Plaintiff's counterclaim and held that the Bank, as the holder of the note, was legally entitled to receive payment and retain the funds paid by the Plamondons. (Westside Bank & Trust Company v. Richard Plamondon, Tina Plamondon and James Galloway, Civil Action No. 00-1-03863-35, Exhibit 2 to Affidavit of Mike Henderson.)

Plaintiff subsequently borrowed another $30,000 from the Bank on an unrelated loan. Due to Plaintiff's default on the loan, Main Street Bank f/k/a

3

Westside Bank and Trust Company filed a lawsuit against Plaintiff Galloway

and Discount Motors, Inc. in Cobb County Superior Court. The Court ruled on

summary judgment that the bank's note was valid, enforceable and overdue,

and issued judgment in favor of the bank. (<u>Main Street Bank f/k/a Westside

Bank and Trust Company v. Discount Motors, Inc. and James Galloway</u>, Civil

Action No. 03-1-1810-35, Exhibit 2 to Affidavit of Mark Thomas.)

Following the judgment, Plaintiff ceased payments on his remaining loan

obligations to the bank. BB&T began collecting payments directly from Sharon

Burnette pursuant to Plaintiff's assignment of the security interest and

accompanying note on the Burnette Property. BB&T applied each payment to

reduce Plaintiff's indebtedness to BB&T. Once Plaintiff's indebtedness was

satisfied, BB&T cancelled its security interest in the Burnette Property.

In 2007, another bank with a security interest in Sharon Burnette's

property brought a foreclosure proceeding against Plaintiff Galloway. Plaintiff

filed a Counterclaim against BB&T alleging that he had been denied the benefit

of his payments and collateral. The Counterclaim was dismissed without

prejudice and the lawsuit was resolved in September, 2008. Plaintiff

4

subsequently initiated this cause of action in Superior Court of Gwinnett County on October 3, 2008.

## II.    Standard on an Unopposed Motion for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

Even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary

5

materials in the record.  See <u>Dunlap v. Transam. Occidental Life Ins. Co.</u>,

858F.2d 629, 632 (11th Cir. 1988) (district court did not err in treating motion

for summary judgment as unopposed where it considered the merits of the

motion).  The district court "need not *sua sponte* review all of the evidentiary

materials on file at the time the motion is granted," but it must at least review all

those submitted in support of the summary judgment motion. <u>United States v.</u>

<u>5800 S.W. 74th Ave.</u>, 363 F.3d 1099, 1101 (11th Cir. 2004).  A district court's

order granting an unopposed motion for summary judgment must indicate that

the merits were considered. <u>Id</u>. at 1102.

   With these standards as a foundation, the Court turns to address the

merits of Defendant's unopposed Motion for Summary Judgment.

**III.    Defendant's Motion for Summary Judgment**

   Defendant argues that each of Plaintiff's counts of the Complaint lacks

merit as a matter of law.

   A.    <u>Breach of Contract Claim (Count I)</u>

   Plaintiff alleges that Defendant BB&T breached its contractual duties to

Plaintiff when it applied the Plamondons' loan payment to one of Plaintiff's

loan obligations. (Complaint [1] at ¶ 10.)  Plaintiff claims that Defendant's

6

action deprived him of the opportunity to pay other existing legal obligations

and resulted in financial damage and loss to his business reputation (Id. at ¶ 11.)

Defendant argues, and Plaintiff does not contest, that the Cobb County Superior

Court addressed this very issue of the bank's alleged breach of contract and

negligence on October 30, 2003. Although Plaintiff states in his Complaint that

the issue of the alleged improper acts of BB&T were not addressed by the Cobb

County Superior Court, a review of the pleadings and court issued order

demonstrates that this exact issue was previously ruled upon. Specifically, the

Court held that:

> 5. This Court finds upon assignment of the PLAMONDON NOTE to
> WESTSIDE by GALLOWAY, WESTSIDE was the holder of the
> NOTE, as a negotiable instrument, and entitled to receive payments
> (or the payoff) thereunder. WESTSIDE had a legal right to retain the
> funds paid by the PLAMONDON's to WESTSIDE for payoff of their
> loan from GALLOWAY. Murray v. Tillman, Ga. App. 441, 23
> S.E.2d 186 (1942); Northside Building & Investment Co. v. Finance
> Co. of America, 119 Ga. App. 131, 161 S.E.2d (1969).

Westside Bank & Trust Company v. Richard Plamondon, Tina Plamondon
and James Galloway, Civil Action No. 00-1-03863-35 (Order dated
October 30, 2003.)

The doctrine of *res judicata* has three prerequisites: (1) identity of

parties, including their privies; (2) identity of the cause of action; and (3)

adjudication on the merits by a court of competent jurisdiction. O.C.G.A §

7

9-12-40; <u>Valdez v. R. Const., Inc.</u>, 646 S.E.2d 329, 331 (Ga. Ct. App. 2007). This Court finds that the issue of Defendant's alleged breach of contract has been previously decided on its merits and that Plaintiff is precluded from re-ligating the cause of action. Accordingly, Defendant's request for summary judgment as to Plaintiff's breach of contract claim (Count I) is **GRANTED**.

### B.     Conversion Claim (Count II)

Plaintiff claims that BB&T committed the act of conversion by wrongfully applying payments by Sharon Burnette to another $30,000 loan he held with Defendant. (Complaint [1] at ¶ 15.) Plaintiff contends that this action was taken without legal authority or his permission and resulted in significant financial loss and his inability to pay off other debts. (Id. at ¶17.)

The Court finds that Plaintiff has failed to demonstrate that BB&T lacked a legal entitlement to the security interest held by the Burnette note. Although Plaintiff contests it in his Complaint, he has put forth no evidence refuting the notion that the bank was properly assigned the note at issue. Accordingly, BB&T's legal possession of the security interest permitted it to apply the Burnett payments to Plaintiff's loan. <u>See</u> generally, <u>Taylor v.</u>

8

Gelfand, 505 S.E.2d 222, 224 (Ga. Ct. App. 1998) (stating that "possession

acquired fairly under legal process, is not a wrongful conversion" citing Smith

v. Kershaw, 1 Ga. 259, 261 (1846)).  Such facts do not support a claim for

conversion.  Defendant's request for summary judgment as to Plaintiff's

conversion claim (Count II) is **GRANTED**.

      C.      Fraud Claim (Count III)

Plaintiff claims that Defendant's actions relating to the Plamondon and

Burnette transactions resulted in actionable fraud.  The Court finds that the

record lacks any evidentiary support of Defendant's alleged material

misrepresentation, a necessary element for a claim of fraud. International

Telecommunications Exchange Corp. v. MCI Telecommunications Corp., 892

F. Supp. 1520, 1550 (N.D. Ga. 1995) (requiring five elements "(1)

misrepresentation by a defendant of a material existing fact,(2) with knowledge

that it is false or made with a reckless disregard as to whether it is true,(3) with

intent to induce the plaintiff to act or refrain from acting,(4) that is justifiably

relied upon by the plaintiff,(5) that because of such reliance, the plaintiff is

damaged." citing Hubbard v. Stewart, 651 F.Supp. 294, 297 (M.D.Ga.1987)).

9

Accordingly, Defendant's request for summary judgment as to Plaintiff's fraud claim (Count III) is **GRANTED**.

### D. Exemplary and Punitive Damages Claim (Count IV)

Given the Court's ruling on the above substantive claims, the Defendant is entitled to judgment as a matter of law on Plaintiff's exemplary and punitive damages claim (Count IV).

### Conclusion

Defendant's Motion for Summary Judgment [14] is **GRANTED**. The Clerk is directed to enter judgment for the Defendant as to all Plaintiff's claims.

**SO ORDERED** this  1st  day of July, 2009.

_____

**RICHARD W. STORY**
United States District Judge

10